## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES PAUL HUTCHESON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00692-JD |
| | ) | |
| STEVEN HARPE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Before the Court is United States Magistrate Judge Suzanne Mitchell's Report and Recommendation ("R. & R.") [Doc. No. 16] recommending that the Court grant Respondent's Motion to Dismiss ("motion") [Doc. No. 12] and dismiss Petitioner James Paul Hutcheson's Petition for Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 [Doc. No. 1] as untimely under § 2244. In making her recommendations and findings, Judge Mitchell had the benefit of Hutcheson's brief in support of his petition [Doc. No. 2], Respondent's brief in support of the motion [Doc. No. 13], and state court records [Doc. No. 15].[2] Hutcheson timely objected to the R. & R. [Doc. No. 17].

The Court liberally construes Hutcheson's filings because he is proceeding pro se. The Court also reviews de novo the objected-to portions of the R. & R. *See* 28 U.S.C.

---

[1] Steven Harpe, as Executive Director of the Oklahoma Department of Corrections, is the correct Respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts.

[2] Respondent also attached exhibits to the brief in support of the motion. Hutcheson's state court proceedings also are publicly available on the Oklahoma State Courts Network, at www.oscn.net.

§ 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also Morgan v. Oklahoma*, 814 F. App'x 353, 355 (10th Cir. 2020) (unpublished) (explaining that "a party's objections to the magistrate judge's report and recommendation must be . . . specific to preserve an issue for . . . appellate review" (internal quotation marks and citation omitted)).

Having reviewed the record, and under the legal standards, the Court overrules the objection, accepts the R. & R., and dismisses Hutcheson's petition as untimely. The Court also declines to issue a certificate of appealability.

## I.   **BACKGROUND**

In the District Court of Bryan County, Oklahoma, Hutcheson was convicted of unlawful possession of a controlled dangerous substance with intent to distribute following a jury trial. He appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction. After the Bryan County District Court denied him post-conviction relief and the OCCA affirmed, Hutcheson filed this petition.

## II.   **LEGAL STANDARDS**

An application for a writ of habeas corpus by a state prisoner must be filed within one year of the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (a provision of the Antiterrorism and Effective Death Penalty Act ("AEDPA")). Unless a petitioner shows otherwise, the limitation period generally runs from the date the state judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

AEDPA allows for tolling of the limitations period while a properly filed state post-conviction proceeding is pending before the state courts. 28 U.S.C. § 2244(d)(2). If the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing, the petitioner is entitled to equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A "credible showing of actual innocence" may also allow a petitioner to pursue his habeas claims on the merits despite an otherwise untimely petition. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (referring to this as an "equitable exception" or "fundamental miscarriage of justice exception").

## III.   ANALYSIS

The R. & R. finds that Hutcheson's deadline to file the petition under AEDPA was June 21, 2004 under 28 U.S.C. § 2244(d)(1)(A). The R. & R. rejects § 2244(d)(1)(B) or (D) as providing a later date and finds there is no statutory tolling under § 2244(d)(2). The R. & R. also finds that Hutcheson is not entitled to equitable tolling of the limitations

period because the record does not reflect that he diligently pursued his claims or that he was prevented from doing so. The R. & R. further finds that Hutcheson has not demonstrated he is entitled to the actual innocence exception. Consequently, the R. & R. recommends that Hutcheson's petition is untimely because it was not filed until August 3, 2023, nineteen years after the expiration of the limitations period. *See* R. & R. at 7, 13.[3]

Liberally construing his objection, Hutcheson asserts he faced a state created impediment under § 2244(d)(1)(B) and challenges the R. & R.'s findings and recommendations on equitable tolling and the fundamental miscarriage of justice or actual innocence exception.[4]

First, Hutcheson's arguments on when his statute of limitations began to run and on equitable tolling go to recent events, not to the timing or diligence relating to his petition. Specifically, Hutcheson explains that he has had a stroke, and that following his hospitalization, he was placed in segregated housing. While in segregated housing, he asserts he was not given proper law library access or legal assistance. Hutcheson asserts that this is a "state created impediment," [Doc. No. 17 at 2], but these are recent events and do not explain his failure to timely file his petition in the first place. *Cf. Nguyen v.*

---

[3] The Court uses CM/ECF page numbering in this Order.

[4] Hutcheson provides an explanation for why he did not respond to the Respondent's motion, but Judge Mitchell did not find or recommend that the motion be granted because of his nonresponse. In other words, Judge Mitchell did not rely on Local Civil Rule 7.1(g), which provides that "[a]ny motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed." Rather, she independently analyzed the timeliness issue. Thus, because Judge Mitchell did not rely on Hutcheson's nonresponse to the motion for her findings or recommendations, the Court does not further address the issues in the objection relating to the reasons for his nonresponse.

*Golder*, 133 F. App'x 521, 523 (10th Cir. 2005) (unpublished) (explaining that § 2244(d)(1)(B) is for "when the state creates an impediment *which prevents the petitioner from filing his petition on time*") (emphasis added).

Nor do these arguments show how Hutcheson benefits from equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (explaining that the petitioner "must allege with specificity the steps he took to diligently pursue his federal claims" and that "[h]is conclusory statement . . . will not suffice" (internal quotation marks omitted)). Even if Hutcheson's arguments in the objection weren't based on recent events, the Tenth Circuit has repeatedly explained that "limited time in the law library" and lack of legal assistance are not "'extraordinary circumstances' that would justify the use of equitable tolling." *Levering v. Dowling*, 721 F. App'x 783, 788 (10th Cir. 2018) (unpublished); *see also Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished) ("[S]tanding alone, it is beyond peradventure that such vague allegations [of lack of access to the law library or legal assistance] will not justify equitably tolling the limitations period."). Instead, a petitioner must show the steps he took to diligently pursue his claims despite the alleged lack of access. *See, e.g.*, *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (denying equitable tolling of the limitations period because the petitioner had "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Thus, the Court rejects Hutcheson's state impediment and equitable tolling arguments.

Second, Hutcheson continues to assert his actual innocence in his objection, which the Court liberally construes as his argument that he is excepted from the one-year statute

of limitations in AEDPA.[5] "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).

Hutcheson asserts that the record shows he is actually innocent of the distribution count for which he was convicted by the jury and that the record shows only simple possession. But he does not add anything to what was before Judge Mitchell, and upon its review of the record, the Court cannot add anything to her well-reasoned analysis and adopts it as its own. *See also Schlup*, 513 U.S. at 321 ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, th[e] [Supreme] Court [has] explicitly tied the miscarriage of justice exception to the petitioner's innocence."). The Court therefore rejects Hutcheson's actual innocence argument.

Beyond addressing Hutcheson's objection, the Court cannot meaningfully add to the findings and recommendations made by Judge Mitchell, which the Court adopts as its

---

[5] Hutcheson argues in his objection that he has shown ineffective assistance of counsel and false testimony. But like the R. & R., the Court does not reach the merits because it concludes that the petition is untimely. Thus, the Court does not reach arguments in Hutcheson's objection addressing the merits of his habeas claims.

own. The Court overrules the objection by Hutcheson, accepts the R. & R., and concludes Hutcheson's petition is untimely.

## IV.    APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, Hutcheson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Hutcheson can satisfy this standard by demonstrating that jurists of reason could debate whether the district court was correct in its procedural ruling and that jurists of reason could debate whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

After considering this Order, the R. & R., the objection, and thoroughly and carefully reviewing the record, the Court finds that reasonable jurists could not debate the Court's determinations that Hutcheson's petition is untimely under § 2244(d) and that he is not entitled to equitable tolling or equitable exception for actual innocence. Because Hutcheson cannot make the required showing, the Court declines to issue a certificate of appealability.

## V.    CONCLUSION

Accordingly, the Court ACCEPTS the R. & R. issued by United States Magistrate Judge Suzanne Mitchell [Doc. No. 16], GRANTS Respondent's motion [Doc. No. 12], and DISMISSES Hutcheson's § 2254 action as untimely, which operates by law as a dismissal with prejudice. *See Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014)

(denying a certificate of appealability and dismissing the appeal where the district court dismissed with prejudice untimely § 2254 habeas petition); *see also McDowell v. Zavaras*, 417 F. App'x 755, 756–57 (10th Cir. 2011) (unpublished) (explaining that a habeas petition "denied as time-barred" is "a dismissal . . . on the merits") (citing cases). The Court DENIES a certificate of appealability.

IT IS SO ORDERED this 3rd day of April 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE